**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 75**

Docket No. CH-0752-14-0332-I-1

**John Doe,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

September 23, 2014

J. Michael Hannon, Esquire, Washington, D.C., for the appellant.

Kimya Jones and Jill A. Weissman, Esquire, Washington, D.C., for the
    agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      This removal appeal is before us on the administrative judge's June 5, 2014 order certifying for interlocutory review her ruling that she would not consider the appellant's claim of legal error or his affirmative defenses of reprisal and discrimination. We AFFIRM this ruling, VACATE the order that stayed the processing of the appeal, and RETURN this case to the regional office for further adjudication consistent with this decision.

## BACKGROUND

The agency removed the appellant based on the charges of (1) failure to maintain a qualification for his position, and (2) posing an operational security risk to the office. *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 3 (2012) (*Doe I*). The appellant filed an appeal of his removal to the Board. *Id.*, ¶ 5. The administrative judge found that the second charge merged into the first charge, which was based on the appellant's failure to maintain his eligibility to hold a Special-Sensitive, Level 4 position. *Id.*, ¶¶ 2, 6. After determining that the charge was functionally equivalent to a security clearance determination, the administrative judge affirmed the appellant's removal. *Id.* ¶¶ 8, 13. He rejected as unproven the appellant's affirmative defenses of reprisal for whistleblowing, reprisal for equal employment opportunity (EEO) activity, and disability discrimination. *Id.* ¶¶ 9-11.

The appellant filed a petition for review. *Id.*, ¶ 14. We granted the petition and vacated the initial decision based on our finding that the agency failed to apply its internal procedures when it did not provide the appellant with the right to appeal the decision to withdraw his eligibility for access to classified information to the agency's Access Review Committee (ARC). *Id.*, ¶¶ 26, 29-31, 42; *see* 28 C.F.R. § 17.15 (establishing the ARC), § 17.47(d) (setting forth the right to appeal to the ARC). However, we declined to consider the appellant's affirmative defenses, finding that the Board does not have authority to review them in the context of a case involving the suspension or revocation of access to classified information. *Doe I*, 118 M.S.P.R. 434, ¶¶ 39-40. We remanded the appeal to the agency to provide the appellant with his right to ARC review of the determination that he was ineligible for access to hold a Special-Sensitive, Level 4 position. *Id.*, ¶¶ 33, 42.

On remand, ARC reversed the determination that the appellant was no longer eligible for access to classified information. Initial Appeal File (IAF), Tab 22 at 62, 66. The appellant timely filed the instant appeal after receiving ARC's

decision.  IAF, Tab 1; *see Doe I*, 118 M.S.P.R. 434, ¶ 44 (permitting the appellant to file a new appeal no later than 30 days after the agency advised the appellant it complied with the order in *Doe I*).

¶5        During the adjudication of the appellant's new appeal, the administrative judge[1] held a status conference, after which she issued a summary of her rulings, including her ruling that she would limit the hearing to whether the agency committed harmful procedural error in removing the appellant prior to ARC's review of his eligibility to hold a Special-Sensitive, Level 4 position.  IAF, Tab 16 at 1.  In her summary, she provided a deadline by which the parties could raise disagreement with its content.  IAF, Tab 16 at 2.  Within the timeframe provided, the appellant filed a motion to expand the scope of the hearing, also noting his disagreement and objection to the administrative judge's status conference rulings.  IAF, Tab 18.  The administrative judge confirmed her prior ruling.  IAF, Tab 21.  Upon the appellant's motion, and over the agency's objections, the administrative judge certified for interlocutory review her decision to limit the scope of the hearing to the issue of harmful error only.[2]  IAF, Tabs 22, 24, 32.

---

[1] The administrative judge assigned to the present appeal is not the same administrative judge who adjudicated the appellant's claims in *Doe I*.

[2] Both the appellant's motion for certification of interlocutory review and the agency's objections were timely filed.  *See* IAF, Tab 21 (denying the appellant's motion to expand the hearing on May 8, 2013), Tab 22 (reflecting that the motion for certification of interlocutory review was filed on May 12, 2013), Tab 24 (reflecting that the agency's objections were filed on May 22, 2014); *see also* 5 C.F.R. § 1201.93(a) (indicating that a party has 10 days from the date of the ruling appealed to file for interlocutory appeal, and the opposing party has 10 days to object).

Without requesting leave, the appellant has submitted two supplemental pleadings to the Board following certification.  IAF, Tabs 33, 35.  The agency has moved to strike the first of these pleadings.  IAF, Tab 34.  In rendering our decision, we have not considered these three submissions.  *See* 5 C.F.R. § 1201.93 (containing no provision for submission of briefs following certification of an appeal for interlocutory review).

## ANALYSIS

Interlocutory review is not barred by the law of the case doctrine because recent developments raise questions about the Board's scope of review of a security clearance based adverse action.

¶6      The agency objected to certification of the administrative judge's ruling for interlocutory review, arguing that the Board stated in *Doe I* that the administrative judge in the instant appeal could adopt the findings set forth in the initial decision in *Doe I*. IAF, Tab 24 at 1. Thus, the agency appears to be arguing that expanding the scope of the hearing to consider the appellant's claims of legal error, reprisal, and discrimination violates the law of the case doctrine. Although we recognize that we previously declined to consider the appellant's affirmative defenses of reprisal and discrimination in *Doe I*, we find that recent developments in the case law regarding adverse actions based on security clearance determinations warrants a second look at the issues in this appeal and we find certification proper.

¶7      Under the law of the case doctrine, a tribunal will not reconsider issues that have already been decided in an appeal, unless there is new and material evidence adduced at a subsequent trial, controlling authority has made a contrary decision of law, or the prior decision was clearly erroneous and would work a manifest injustice. *O'Connell v. Department of Navy*, 73 M.S.P.R. 235, 240 (1997). The purpose of the doctrine is to ensure consistency, thereby avoiding the expense and vexation of multiple lawsuits, conserving the Board's resources, and fostering reliance on the Board by avoiding inconsistent decisions. *See Hoover v. Department of the Navy*, 57 M.S.P.R. 545, 552 (1993) (setting forth this rationale in the context of litigation in general).

¶8      Our finding in *Doe I* that the Board lacked authority to hear the appellant's affirmative defenses was based on our determination that the appellant's eligibility to occupy a Special-Sensitive, Level 4 position was analogous to a security clearance determination. *Doe I*, 118 M.S.P.R. 434, ¶¶ 39-40. Subsequently, in the unrelated case of *Gargiulo v. Department of Homeland*

*Security*, [727 F.3d 1181](#), 1184-87 (Fed. Cir. 2013), our reviewing court found that we exceeded our authority when we found that due process requires that an employee be provided an opportunity to contest a security determination underlying an adverse action. *See Buelna v. Department of Homeland Security*, [121 M.S.P.R. 262](#), ¶ 24 (2014) (discussing our prior precedent and the *Gargiulo* decision). When the administrative judge certified her ruling for interlocutory review, the Board had not yet issued a decision regarding the scope of its review in an adverse action based on a security clearance determination following *Gargiulo*. Thus, there was a question as to whether a controlling authority had made a contrary decision of law, and we hold that the law of the case doctrine does not prevent us from reconsidering our prior decision.[3]

¶9      Further, our regulations provide that an administrative judge will certify a ruling for interlocutory review if the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and an immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to the party or the public. [5 C.F.R. § 1201.92](#). In light of the lack of guidance in the area of adverse actions based on security clearance determinations at the time of certification, we find that certification was proper.[4]

---

[3] In light of our disposition here, we find it unnecessary to reach the appellant's argument that the law of the case doctrine does not apply because of "manifest injustice." IAF, Tab 18 at 21-22, Tab 22 at 8-9.

[4] In making our determination, we disagree with the appellant's assertion that ARC's reversal of the agency's decision to find him ineligible to access classified information constitutes new and substantially different evidence under the law of the case doctrine. *See, e.g.*, IAF, Tab 18 at 7, 16 (arguing that the Board could not have predicted ARC's determination, and that it constituted "new and compelling evidence"), Tab 22 at 6-7 (arguing that the Board is free to revisit its decision in light of the ARC decision). Our decision in *Doe I* contemplated the possibility of such a determination, and therefore this is not new evidence but rather a further development of the Board's record. *Doe I*, [118 M.S.P.R. 434](#), ¶¶ 33, 44. The appellant also argues that the decision by our

<u>The administrative judge properly declined to expand the hearing to include the appellant's affirmative defenses of discrimination and reprisal.</u>

¶10    We recently reaffirmed our pre-*Gargiulo* case law that the Board is not permitted to adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible discrimination or reprisal.    *Putnam v. Department of Homeland Security*, 2014 MSPB 70, ¶ 18 (citing, among other cases, *Doe I*, 118 M.S.P.R. 434, ¶ 40).    Therefore, despite recent changes in the law, our prior decision in *Doe I* was correct.    The administrative judge therefore properly declined to expand the scope of the hearing to include the appellant's affirmative defenses.[5] IAF, Tabs 21, 32; *see Doe I*, 118 M.S.P.R. 434, ¶¶ 39-40.

---

reviewing court in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), is contrary to our prior holding in *Doe I*.  IAF, Tab 18 at 17 (arguing that the Board need not defer to its prior holding in *Doe I* in light of *Whitmore*), Tab 22 at 7 (arguing that *Whitmore* is "new controlling case law").  However, *Whitmore* was issued prior to our decision in *Doe I*, and we expressly found that it did not alter our analysis of the appellant's whistleblower claim.  *Doe I*, 118 M.S.P.R. 434, ¶ 39 n.6.  We see no reason to disturb that finding.

[5] The original appeal was filed prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA).  *See* MSPB Docket No. CH-0752-09-0404-I-1, IAF, Tab 1 (reflecting a submission date of February 11, 2009); *see also* WPEA, Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476 (indicating that the WPEA would take effect 30 days after its enactment date of November 27, 2012); *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 3 (2013) (noting that the WPEA was signed into law on November 27, 2012, with an effective date of December 27, 2012).  Therefore, the Board applied the Whistleblower Protection Act (WPA) in determining that the appellant could not raise an affirmative defense of reprisal for whistleblowing activity.  *Doe I*, 118 M.S.P.R. 434, ¶ 39 (citing *Hesse v. Department of State*, 217 F.3d 1372, 1380 (Fed. Cir. 2000) (holding that the denial of a security clearance cannot serve as the basis for the Board's jurisdiction in an individual right of action appeal brought under the WPA); *Roach v. Department of the Army*, 82 M.S.P.R. 464, ¶¶ 48-54 (1999) (holding that 1994 amendments to the WPA did not provide the Board with jurisdiction over security clearance determinations)).  However, we have examined the WPEA and find that nothing in the Act permits the Board to consider an affirmative defense of reprisal for whistleblowing in the context of an adverse action based on a security clearance determination.  *See Roach*, 82 M.S.P.R. 464, ¶¶ 50, 53-54 (finding that the WPA's 1994 amendments did not authorize the Board to review

<u>The administrative judge properly declined to expand the hearing to include whether the appellant's removal was not in accordance with law.</u>

¶11  The appellant argued that the agency's decision to remove him was "not in accordance with law" and thus cannot be sustained pursuant to 5 U.S.C. § 7701(c)(2)(C). IAF, Tab 18 at 9-13. The administrative judge declined to expand the scope of the hearing to include this issue. IAF, Tab 32 at 2. The agency's failure to provide the appellant with his right to ARC review of the determination that he was not eligible to hold a Special-Sensitive, Level 4 position is properly analyzed under a harmful procedural error standard. Therefore we affirm the administrative judge's ruling that she would not hear the claim of legal error.

¶12  Section 7701(c)(2) provides, in pertinent part, that an adverse action may not be sustained if the employee "(A) shows harmful error in the application of the agency's procedures in arriving at such decision; . . . or (C) shows that the decision was not in accordance with law." The "harmful error" provision of section 7701(c)(2) is applicable to all procedural errors, such as the one here, while the "not in accordance with law" provision is applicable to other unlawful actions. *Baracco v. Department of Transportation*, 15 M.S.P.R. 112, 120 (1983), *aff'd sub nom. Adams v. Department of Transportation*, 735 F.2d 488 (Fed. Cir. 1984). To hold otherwise would render the harmful error provision meaningless because all violations of agency procedure would be reviewed as "not in accordance with law." *Baracco*, 15 M.S.P.R. 112, 120-21 (explaining the interplay between these two provision of section 7701(c)(2) in the context of an agency's failure to provide 7-days' notice to answer a proposed adverse action as required by 5 U.S.C. § 7513(b)(2)); *see Schnedar v. Department of the Air*

security clearance issues in chapter 75 appeals because they lacked specific language providing otherwise); *see generally* WPEA, Pub. L. No. 112-199, 126 Stat. 1465 (containing no provision for raising a claim that a security clearance determination was taken in reprisal for whistleblowing activity).

*Force*, [120 M.S.P.R. 516](#), ¶¶ 8, 12 (2014) (evaluating under a harmful error standard an agency's failure to comply with applicable regulations in instituting an adverse action based on the revocation of an appellant's security clearance); *Ulep v. Department of the Army*, [120 M.S.P.R. 579](#), ¶¶ 4, 6 (2014) (conducting the same analysis where an agency issued an adverse action based on the suspension of the appellant's security clearance without the procedural protections afforded under applicable regulations). Because the error at issue here was the agency's application of its procedures, the harmful error standard is applicable.

<u>The administrative judge may determine without holding a hearing whether there was harmful error.</u>

¶13     The appellant argued that the agency's removal should be reversed as harmful error without the necessity of holding a hearing.[6] IAF, Tab 18 at 13-14. This issue is beyond the scope of our review at this time because the administrative judge did not certify it for interlocutory appeal. *See* [5 C.F.R. § 1201.91](#) (defining an interlocutory appeal as an appeal to the Board, certified by the administrative judge, of a ruling made during a proceeding); *cf. Grimes v.*

---

[6] The Board is not permitted to grant summary judgment because an appellant has the right to a hearing pursuant to [5 U.S.C. § 7701](#)(a)(1). *Crispin v. Department of Commerce*, [732 F.2d 919](#), 922-24 (Fed. Cir. 1984). However, as with his right to a hearing on the merits, an appellant may waive his right to a hearing on the issue of harmful error. *See Towne v. Department of the Air Force*, [120 M.S.P.R. 239](#), ¶ 34 (2013) (proceeding to address a harmful error claim after the appellant waived her right to a hearing on the issue). The administrative judge should clarify whether the appellant intends to waive his right to a hearing and provide the parties with the opportunity to brief the relevant legal and factual issues and to respond to each other's submissions. *Campbell v. Department of Defense*, [102 M.S.P.R. 178](#), ¶ 5 (2006) (an appellant may only waive his right to a hearing if the waiver is (1) clear, unequivocal, or decisive; and (2) informed); *Gavette v. Department of the Treasury*, [44 M.S.P.R. 166](#), 174 (1990) (where the appellant waives the right to a hearing, setting the deadline for closing the record is within the sound discretion of the administrative judge, but the procedures used must comport with the basic requirements of fairness and notice, including an opportunity for response to the opposing party's submissions).

*Department of the Navy*, 99 M.S.P.R. 7, ¶ 9 (2005) (holding that it was beyond the scope of the Board's interlocutory review to decide issues on which the administrative judge did not make specific rulings).  However, in light of recent Board precedent, the administrative judge may determine that the record is sufficiently developed to determine, without holding a hearing, whether there was harmful error.

¶14        Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an agency's decision to impose an adverse action if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." *Ulep*, 120 M.S.P.R. 579, ¶ 6 (reversing an indefinite suspension based on the decision to informally suspend the appellant's security clearance because the agency failed to comply with any of the procedures that its regulations required prior to instituting an adverse action); *Schnedar*, 120 M.S.P.R. 516, ¶ 12 (reversing an indefinite suspension based on the revocation of the appellant's security clearance because the suspension was effected prior to the appellant's receipt of a Personnel Security Appeals Board decision, in violation of agency regulations).  Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); 5 C.F.R. § 1201.56(c)(3).  The appellant bears the burden of proof by preponderant evidence with regard to harmful error.  5 C.F.R. § 1201.56(a)(2)(iii), (b)(1), (c)(3).  However, where an agency, upon following its regulations, affords an employee a favorable security clearance determination, its prior adverse action based on the revocation of the security clearance cannot be sustained.  *Blatt v. Department of the Army*, 121 M.S.P.R. 473, ¶ 10 (2014).

¶15        In *Doe I*, we left further determination regarding harmful error in the instant appeal to the administrative judge's sound discretion.  *Doe I*, 118 M.S.P.R. 434, ¶ 44; *see Bennett v. Department of Justice*, 119 M.S.P.R.

685, ¶ 11 (2013) (declining to make a determination of fact because the administrative judge, as the hearing official, is in the best position to resolve factual questions in the first instance). There appears to be no factual dispute that the ARC reversed the agency's prior determination that the appellant was no longer eligible for access to classified information. IAF, Tab 22 at 97-102 (containing the decision by ARC); *see* IAF, Tab 27 at 5, 7-12 (stating, in the agency's prehearing submission, that "the ARC issued a decision finding that the appellant is currently eligible to have access to classified information," and submitting a copy of the decision). We see no reason to interfere in the administrative judge's processing of the appeal. However, on the record before us, it appears that a hearing may not be required to resolve the issue of harmful error.

## ORDER

¶16    Accordingly, we AFFIRM the administrative judge's ruling that she would not hold a hearing on the appellant's claim of legal error or his affirmative defenses of discrimination and reprisal, VACATE the stay order, and RETURN this matter to the Central Regional Office for further adjudication consistent with this interlocutory decision.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.